UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In re:

TRIPLE A& R CAPITAL INVESTMENT INC.,

    Debtor.

--- --- --- --- --- --- --- --- --- --- --- --- --- ---

TRIPLE A & R CAPITAL INVESTMENT, INC.,

    Appellant,

v.

PRLP 2011 HOLDINGS LLC,

    Appellee.

Civil No. 14-1896 (JAF)

Bankruptcy No. 14-4744 (BKT11)

**OPINION AND ORDER**

Appellant Triple A & R Capital Investment, Inc. ("Triple A & R") appeals from an opinion and order written by the Bankruptcy Court for the District of Puerto Rico, wherein the court granted Appellee PRLP 2011 Holdings LLC ("PRLP")'s motion for relief from stay under 11 U.S.C. § 362. For the following reasons, we affirm the Bankruptcy Court's ruling.

**I.**

**Background**

On November 25, 2009, Banco Popular de Puerto Rico ("BPPR"), now PRLP, executed a "Forbearance and Amendment Agreement" with Triple A & R. That agreement provides:

>    Automatic Stay.  Each Loan Party hereby stipulates that, at Bank's option, Bank will be entitled to an immediate and absolute lifting of any automatic stay of the enforcement of Bank's remedies under this Agreement, the Forbearance Documents and the Loan Documents, at law or in equity (including, without implied limitation, the provisions 11 U.S.C. § 362, as amended) which might be accorded to a Loan Party any Debt Relief Proceeding.  Each Loan Party agrees that it will not contest any application by Bank to lift or vacate any such stay.

(Docket No. 1-3 at 2.)  On January 25, 2010, the companies supplemented and ratified that agreement.  *Id.*  On October 17, 2012, Triple A & R executed the PRLP Forbearance, stating once again that they consent to relief from an automatic stay, this time noting that the consent to relief from automatic stay was "a material inducement for the Creditor to enter into this Agreement, in recognition of the risks associated with the Creditor's execution and performance of this Agreement."  *Id.*

The same day, on October 17, 2012, PRLP commenced the execution of a consent judgment against Triple A & R for collection of monies and foreclosure of liens in the Court of First Instance of Puerto Rico, San Juan Section, Case No. K CD2012-2752. (Docket No. 7 at 8; Bankruptcy No. 14-4744, Docket No. 36-1.)  On April 4, 2013, the Court of First Instance approved the consent judgment, and entered judgment authorizing PRLP to foreclose on Triple A & R's shopping center.  (Docket No. 7 at 8; Bankruptcy No. 14-4744, Docket No. 36-6.)

On June 9, 2014 Triple A & R filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Puerto Rico.  (Bankruptcy No. 14-4744.)   On August 5, 2014, Triple A & R and PRLP filed a joint stipulation for interim use of cash collateral and

adequate protection, which included a ratification of all previous loan documents and obligations. (Bankruptcy No. 14-4744, Docket No. 36) (sic).  On August 6, 2014, PRLP filed a motion for relief from stay under 11 U.S.C. § 362.  (Docket No. 1-6; Bankruptcy No. 14-4744, Docket No. 36.)  PRLP argued that (1) Triple A & R, a sophisticated party, consented to the relief from stay as part of extended negotiations through the pre-petition execution of the forbearance and amendment agreement and through its later confirmations and ratifications of that agreement; (2) at the start of the bankruptcy case, Triple A & R and PRLP had already entered into a consent judgment rendered by the Puerto Rico Commonwealth Court, and the case was essentially a two-party dispute; and (3) relief from stay is appropriate because (a) Triple A & R has failed to provide adequate protection to secured creditor PRLP, (b) Triple A & R has no equity in the collateral and it is fully encumbered in favor of PRLP, and (c) the collateral is not necessary for Triple A & R's effective reorganization, as its reorganization is improbable.  *Id.*  PRLP argued that exceptions to the automatic stay applied under 11 U.S.C. § 362(d)(1) and 362(d)(2), under Rule 4001 of the Federal Rules of Bankruptcy Procedure, and under the Local Bankruptcy Rule 4001-1.  *Id.*  On August 21, 2014, Triple A & R filed a reply, arguing that PRLP's motion must be denied because,

> (i) a Chapter 11 debtor may not waive the automatic stay provisions of 11 U.S.C. § 362(a) until after the bankruptcy case is commenced and the debtor is acting in the capacity of a debtor in possession; (ii) PRLP fails to demonstrate that Debtor's Chapter 11 petition lacks good faith; (iii) PRLP has been provided with adequate protection pursuant to the Stipulation filed the day before the Motion was filed; and (iv) the Property is necessary for Debtor's effective reorganization pursuant to 11 U.S.C. § 362(d)(2).

(Bankruptcy No. 14-4744, Docket No. 43.)  On August 29, 2014, PRLP filed a reply. (Bankruptcy No. 14-4744, Docket No. 52.)  On September 3, 2014, the Bankruptcy Court held a preliminary hearing.  (Bankruptcy No. 14-4744, Docket No. 65.)  In its opinion and order, the Court described the preliminary hearing thus:

> Following the preliminary hearing held on September 3, 2014, the court took under advisement the issue of whether Debtor's prepetition waiver of the protection of the automatic stay and post petition ratification of said waiver were valid and binding on the Debtor.  At the oral argument, the Debtor raised the argument that Article 4 of the Civil Code of Puerto Rico 31 L.R.P.A. § 4, governed the prepetition agreements. Debtor proffered that Article 4 made null and void said prepetition waiver because under Puerto Rico law it is indispensable that the right to be waived exists at the time of the negotiation.  Moreover, the Debtor cannot be bound by acts taken by them prepetition because they lacked capacity to act on behalf of debtor in possession when the agreements were signed and as such are unenforceable under the Bankruptcy Code.

(Docket No. 1-3.)

On October 9, 2014, the Bankruptcy Court published an Opinion and Order granting PRLP's motion to lift the stay.  (Docket No. 1-3; Bankruptcy No. 14-4744, Docket No. 67.)  In its opinion, the Court noted that there was no controlling law in this district or this circuit declaring whether prepetition waivers of stay are enforceable.  The Court collected cases in other circuits which came to conflicting results -- "(1) uphold the stay waiver in broad unqualified terms on the basis of freedom of contract; (2) reject the stay waiver as unenforceable per se as against public policy; and (3) treat the waiver as a factor in deciding whether 'cause' exists to lift the stay" – and the Court noted that the

third approach has recently become more common. (Docket No. 1-3 at 4.) The Bankruptcy Court did not specify which approach it followed, but we assume from the remainder of the opinion that it followed the third approach. (Docket No. 1-3.) The Court wrote that,

> After a careful review of the law, cases cited and this Courts independent research, our conclusion is inescapable. This Debtor, as a debtor in possession, ratified and agreed to be bound by clauses in the Forbearance Agreement which expressly contained a waiver of the protection afforded by the automatic stay.

(Docket No. 1-3 at 6-7)(sic). As to the issue of local law, the Bankruptcy Court stated that,

> The Debtor's argument as to the effects of Article 4 of the Civil Code of Puerto Rico on this matter adds an interesting legal wrinkle to this discussion, albeit ultimately unconvincing and immaterial. The court declines to consider the validity of Debtor's argument regarding Article 4 and its effect on the Forbearance Agreement, except to note that the case law cited on this point is wholly unconvincing.

(Docket No. 1-3 at 4-5.)

On October 22, 2014, Triple A & R filed notice of its appeal to and election of the District Court. (Bankruptcy No. 14-4744, Docket Nos. 74, 76.) On November 10, 2014, Triple A & R filed a statement of issues on appeal. (Bankruptcy No. 14-4744, Docket No. 81.) On November 21, 2014, PRLP filed a counter-designation of statement of issues on appeal. (Docket No. 1-16; Bankruptcy No. 14-4744, Docket No. 85.) We received the case in December 2014. (Docket Nos. 1, 2.) On January 21, 2015, Triple A & R

filed their brief. (Docket No. 7.) On February 12, 2015, PRLP replied with their brief. (Docket No. 14.)

## II.

## <u>Analysis</u>

According to the First Circuit, "The bankruptcy court's legal conclusions engender de novo review, but its factual findings are examined only for clear error." *In re Redondo Const. Corp.*, 678 F.3d 115, 120-21 (2012). Triple A & R asks us to review,

> (A) Whether a Bankruptcy Court can enforce on a debtor a prepetition waiver of the automatic stay, 11 U.S.C. § 362 which is null and void pursuant to Article 4 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4. [and] (B) Whether a debtor-in-possession can ratify a prepetition waiver which is null and void pursuant to Article 4 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4.

(Docket No. 7 at 5.) Based upon this statement of the issues, we review the Bankruptcy Court's opinion only for its holding regarding Article 4.

Triple A & R argues that the Bankruptcy Court cannot enforce the prepetition waiver of the automatic stay, because Article 4 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4, "makes such a prepetition waiver null and void *ab initio*." (Docket No. 7 at 7.) Triple A & R argues that this is so because,

> At the time of execution of the Forbearance Agreement, Triple A & R was acting as a corporation, not as a debtor-in-possession which would be the party with the capacity and authority to waive a right provided for by the Bankruptcy Code, therefore the prepetition waiver in the forbearance agreement lacked the consent of the party with the authority to agree thereto, which is an essential and required element for an agreement to exist under Puerto Rico law.

(Docket No. 7 at 7.)[1]  Triple A & R also states that "a debtor-in-possession cannot ratify a pre-petition waiver which is null and void pursuant to Article 4 since such a prepetition waiver never came into existence, therefore cannot be ratified." (Docket No. 7 at 7.)[2]

Article 4 of the Civil Code of Puerto Rico states that:

> Acts executed contrary to the provisions of law are void except when the law preserves their validity. Rights granted by the laws may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person.

31 L.P.R.A. § 4. The Puerto Rico Supreme Court has upheld waivers under Article 4 of the Civil Code, 31 L.P.R.A. § 4, provided that the waiver is "clear, strict, explicit, and unambiguous." *Eastern Sands, Inc. v. Riog Comm. Bank*, 140 DPR 703, 719-20 (1996) (translation ours). Here, we agree with the Bankruptcy Court that the waiver was clear, strict, explicit, and unambiguous.

Triple A & R attempts to raise an argument under Article 1213 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3391. (Docket No. 7 at 12.) However, this argument was not raised in the Bankruptcy Court. (*See* Bankruptcy No. 14-4744, Docket No. 43) The raise-or-waive rule establishes that "legal theories not raised squarely in the lower court

---

[1] In its argument, Triple A & R relies mainly on *Fenning v. Superior Court*, 96 DPR 615 (1968); however, Triple A & R fails to provide an English translation as required. *See* Docket No. 7 at 11-12; *see* Local R. 5(g). *Fenning* discusses Article 109 of the Civil Code (31 LPRA § 385), and holds that, because alimony payments change over time, courts retain continuing jurisdiction over them. *Fenning*, 96 DPR at 619-23. We fail to see the relevance for this case.

[2] PRLP argues that we cannot review these state law issues because they were only raised "by the Debtor verbally during the preliminary hearing to consider the request for relief from the automatic stay, on September 3, 2014." (Docket No. 14 at 22.) Unsurprisingly, PRLP can cite no case law for its argument that courts cannot consider arguments raised verbally in hearings. Courts regularly consider such arguments. When PRLP does cite cases regarding Article 4, it notes that translations have been provided for those Spanish-language cases, but no translations were provided. (Docket No. 14 at 32.)

cannot be broached for the first time on appeal." *In re Net-Velazquez*, 625 F.3d 34, 40 (1st Cir. 2010).

Triple A & R finally argues that "Having established … that the Waiver is null and void, we proceed to establish … why Triple A&R, as debtor-in-possession, could not ratify the waiver." (Docket No. 7 at 13.) Because we hold that the waiver is valid, this argument necessarily fails.

## III.

## Conclusion

For the foregoing reasons, we **AFFIRM** the ruling of the Bankruptcy Court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of March, 2015.

                                                            S/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE